Opinion issued February 24, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00127-CV

———————————

Charlotte Austin, Appellant

V.

Michael Lee Weems, Appellee



 



 

On Appeal from the 23rd District Court 

Brazoria County, Texas



Trial Court Case No. 3184-BH-97

 



 

CONCURRING OPINION

          I join the majority opinion except in
its discussion of the first issue of appellant, Charlotte Austin.  I would hold that Austin has preserved for our
review this issue, in which she contends that “the trial court erred when it
allowed Deputy Jordan to give his opinion about the location of the point of
impact where the accident occurred.” 

In order to preserve a complaint
for appellate review, a party must, by a timely request, objection, or motion, make
her complaint, stating the grounds for the ruling sought, to the trial court
with “sufficient specificity to make the trial court aware of the
complaint.”  Tex. R. App. P. 33.1(a)(1)(A).  However, it is not necessary to make such an
exacting statement of the grounds for the ruling sought if “the specific
grounds were apparent from the context.” 
Id.  

It is true, as emphasized by the
majority, that Austin, in her “Motion to Exclude Expert Testimony From Deputy
Henry K. Jordan,” did not specifically ask the trial court to exclude any
statements made by Jordan other than his “testimony.”  However, in her motion, Austin argued that Jordan
“is not qualified to render an expert opinion regarding an accident” and his
“opinions are not reliable.”  Moreover, at
the hearing on her motion, Austin’s counsel made it clear to the trial court
that she was seeking to exclude any “opinion” of Jordan on the issue of “point
of impact.”  As noted by her counsel at
the hearing, “[W]e challenge . . . that this witness is not competent to form
an opinion, and particularly the only opinion that we’re talking about is point
of impact.”  

I agree with the majority that to
preserve error regarding the erroneous admission into evidence of an expert’s
opinions, a party must make it clear to the trial court that she is objecting
to all evidence of the expert’s
opinions.  Here, however, it appears that
Austin merely conflated the word “testimony” with the word “evidence,” which is
not uncommon.  Given the gist of Austin’s
arguments, made in her motion and at the hearing, the trial court was in a
position to be well aware that she was requesting the exclusion of any evidence of Jordan’s point-of-impact opinion,
not just his opinion “testimony,” and to make an informed ruling on her request.  Given the context, I would hold that Austin
has preserved her first issue for our review. 

Nevertheless, even assuming that
the trial court erred in admitting into evidence Deputy Jordan’s opinion on the
issue of “point of impact,” Austin has not established that Jordan’s opinion
evidence probably caused the rendition of an improper judgment.  See
Tex. R. App. P. 44.1(a)(1).  A review of the entire record reveals that
other witnesses testified about the point of impact in accord with Jordan and,
importantly, counsel for Weems did not emphasize Jordan’s opinion to the
jury.  See Nissan Motor Co. Ltd. v. Armstrong, 145 S.W.3d 131, 144 (Tex.
2004).  Accordingly, I concur in the judgment
of this Court.

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Justice
Jennings, concurring.